**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VIOLA ROMERO,

        Plaintiff,

v.                                         No. CV-14-774 CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Viola Romero's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, ("Motion"), (Doc. 26), filed December 12, 2015; Defendant's *Response to Plaintiff's Motion for Attorney Fees*, ("Response"), (Doc. 27), filed December 15, 2015; and Plaintiff's *Reply to Defendant's Response to Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act*, ("Reply"), (Doc. 30), filed January 29, 2016. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

### I.    Background

On August 12, 2010, Ms. Romero filed an application for supplemental security income benefits with the Social Security Administration ("Administration"), alleging disability commencing on July 29, 2010. Her claim for benefits was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Ms.

Romero then filed an application for review by the Appeals Council, which was also summarily denied.

Thereafter, Ms. Romero appealed to this Court, arguing that the Commissioner committed reversible, legal error by failing to: (i) weigh the opinions of various medical professionals in the record; (ii) properly develop the record as to the limitations caused by her mental impairments; and (iii) properly consider the evidence of her mental impairments separate from her substance abuse issues. Because the ALJ did not properly weigh a probative medical opinion in the record, this Court remanded the case to the Commissioner for further proceedings in its *Memorandum Opinion and Order* ("Order"). (Doc. 24).

Ms. Romero now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). She argues that an award of fees is appropriate because she is the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 26 at 1).

The Commissioner responds that Ms. Romero's request for fees under EAJA should be denied, because the Commissioner's position in this case was substantially justified. (Doc. 27 at 1). The Commissioner contends that it was reasonable for the Commissioner to defend the ALJ's decision, as the ALJ's rationale for rejecting the medical opinion could be discerned from the decision. (Doc. 27 at 1–3). In Ms. Romero's Reply, she asserts that the Commissioner does not dispute that the ALJ failed to explain the weight he afforded medical assessments in the record. (Doc. 30 2). Ms. Romero argues that the Commissioner has not otherwise shown that the

Commissioner's position in defending this error was substantially justified. (Doc. 30 at 2).

## II.   Analysis

### A.  *Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*,

487 U.S. at 566 n.2). "The government bears the burden of showing that its position

was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

      B.  <u>*The Commissioner's Position Was Not Substantially Justified*</u>

      In this case, the Court remanded the ALJ's decision because the ALJ failed to

explicitly weigh the opinion of Steven K. Baum, Ph.D. (Doc. 23 at 2). Dr. Baum, a State

Agency consulting psychologist, examined and evaluated Ms. Romero on October 20,

2010. (Administrative Record "AR" 288–90). After examining Ms. Romero, Dr. Baum

diagnosed her with schizoaffective disorder, bipolar type, and rated her Global

Assessment of Functioning ("GAF") score as 32. (*Id.*). He observed that Ms. Romero

reported having depression and anxiety, and had attempted suicide approximately eight

years prior. (*Id.*). Dr. Baum discussed Ms. Romero's prior drug use, noting that she had

used opiates and heroin for 13 years, and spent approximately 20 years in prison due to

drugs. (AR 288). Dr. Baum also noted Ms. Romero's history of alcohol abuse,

commenting that her driver's license had been revoked because of a DWI four years

prior, that she has cirrhosis of the liver, and that a report dated August 23, 2010 from

Torrance County Detention listed one of her health problems as alcohol withdrawal. (AR

288, 289). However, Dr. Baum stated that her alcohol and substance abuse issues were

in remission at the time of examination. (AR 290).

      Dr. Baum opined that Ms. Romero had marked limitations in her ability to

understand and remember detailed and complex instructions, and in her ability to attend

and concentrate. (AR 290). He found that Ms. Romero had moderate limitations in the

following functional areas: (i) ability to understand very short and simple instructions; (ii)

ability to carry out instructions; (iii) ability to work without supervision; (iv) ability to

interact with the public, coworkers, and supervisors; (v) ability to adapt to change in the workplace; and (vi) ability to use public transportation or travel to unfamiliar places. (*Id.*).

The ALJ ultimately found that Ms. Romero could perform a restricted range of light work, as that term is defined in 20 C.F.R. § 416.967(b). (AR 27–32). The ALJ explained that Ms. Romero is further limited in that she: (i) required the ability to alternate between sitting and standing at will, provided she is not off task more than ten percent of the workday; (ii) could only occasionally climb ladders, ropes, and scaffolds, and crawl, but could frequently climb ramps and stairs, balance, stoop, kneel, and crouch; (iii) could only occasionally handle but may frequently finger with her right-upper extremity; (iv) must avoid concentrated exposure to extreme heat and cold and avoid concentrated use of moving or dangerous machinery and exposure to unprotected heights; (v) is limited to work that consists of simple, routine, and repetitive tasks; and (vi) must work in a low-stress job, where she is not required to cope with work-related circumstances that could be dangerous to the worker or others.[1] (*Id.*).

Although the ultimate RFC finding did not fully reflect Dr. Baum's opinions as to Ms. Romero's functional limitations, the ALJ did not explain the weight, if any, he afforded those opinions. The Commissioner acknowledged that the ALJ failed to explicitly weigh Dr. Baum's opinion.

The Court did not accept the Commissioner's argument that, although the ALJ failed to explicitly weigh Dr. Baum's opinion, the ALJ's rationale for ultimately rejecting Dr. Baum's opinion could be reasonably discerned from the decision. (Doc. 24 at 12).

---

[1] Given Ms. Romero's history of substance use in the record, the RFC finding was conditioned upon Ms. Romero "stopping the substance abuse." The ALJ ultimately concluded that Ms. Romero's "substance use disorder is a contributing factor material to the determination of disability because [she] would not be disabled if she stopped the substance abuse." (AR 33).

The Court explained that the ALJ did not provide any explanation in the decision, and
that the Commissioner's reasoning on appeal could not save the ALJ's determination,
as it is impermissible for the Court to engage in post-hoc rationalization. *Robinson v.
Barnhart*, 366 F.3d 1078, 1084–85 (10th Cir. 2004). As a result, the Court found that the
ALJ's analysis of Dr. Baum's opinion was legally deficient, and remanded the case to
the Commissioner for further proceedings.

Thus, the issue here is whether the Commissioner has met her burden to show
that she was substantially justified in failing to properly weigh medical opinions in the
record, and defending that error in the subsequent litigation. *Hartter v. Apfel*, No. 99-
3095, 202 F.3d 282, *2 (10th Cir. Jan. 11, 2000) (unpublished).  This Court finds that
the Commissioner has not.

It is well-established that Social Security Regulations require the ALJ to evaluate
every medical opinion in the record, including the opinions of non-examining State
agency physicians. *See* 20 C.F.R. § 416.927(b); Social Security Ruling ("SSR") 96-6p,
1996 WL 374180. Every medical source opinion should be weighed by the ALJ in
consideration of the following, applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,
> including the treatment provided and the kind of examination or testing
> performed; (3) the degree to which the physician's opinion is supported by
> relevant evidence; (4) consistency between the opinion and the record as
> a whole; (5) whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003); *see also* 20 C.F.R. §
416.927 (c)-(d). Ultimately, the ALJ must give good reasons—reasons that are
"sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that he

6

ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations omitted). Failure

to do so constitutes legal error. *See Kerwin v. Astrue*, No. 06-6343, 244 Fed. Appx. 880,

884 (10th Cir. Aug. 8, 2007) (unpublished).

Here, the ALJ recited Dr. Baum's specific notes, current symptoms, and the

functional limitations he placed on Ms. Romero, and observed that Ms. Romero had not

reported information about her alcohol withdrawal symptoms, adjustment disorder, and

that she heard voices. However, the ALJ failed to state the weight he granted Dr.

Baum's opinion and provide any reasons for assigning such weight. It is clear in this

Circuit that the ALJ's failure was legal error warranting remand. *Kerwin*, 224 Fed. Appx.

at 884.

The Commissioner argues that her position in defending this error was

substantially justified because it was reasonable to argue that the ALJ rejected Dr.

Baum's opinions because they were not reflective of Ms. Romero's functioning without

her alcohol dependence. (Doc. 27 at 2). The Commissioner maintains that this

explanation could be reasonably discerned from the ALJ's observation that Ms. Romero

omitted references to alcohol withdrawal during Dr. Baum's evaluation. (*Id.*).The

Commissioner suggests that, although the ALJ did not expressly state the exact weight

he assigned Dr. Baum's opinion, it does not necessarily follow that the Commissioner's

position was not substantially justified. (Doc. 27 at 3–4). To be sure, this Circuit has held

that courts "cannot insist on technical perfection," and that, where a court "can follow the

adjudicator's reasoning in conducting [its] review, and can determine that correct legal

standards have been applied, merely technical omissions in the ALJ's reasoning do not

dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

However, this case is not a case where the ALJ simply failed to articulate the weight given to a medical opinion, or where the Court can otherwise follow the ALJ's reasoning. Indeed, the ALJ completely omitted any analysis of Dr. Baum's opinion or the weight he afforded it. Moreover, as stated in the Order, Dr. Baum's evaluation notes reflect that he was aware of Ms. Romero's past alcohol and drug use, and that her substance use was in remission at the time of the examination. (AR 288–90). As a result, this is not a situation where the ALJ simply "could have been more clear," (Doc. 27 at 3), or where the substance of the ALJ's reasoning is obvious to the reader. *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) (holding that an ALJ's failure to specifically say "I find" in connection with his conclusion, should not obscure the substance of what the ALJ actually did). The ALJ's reasoning is not apparent from the decision, and the Court cannot find that the Commissioner's argument as to the ALJ's reasoning is anything more than speculation as to how the ALJ may have made his finding.

The Commissioner's attempt to discern the ALJ's reasoning based on this one observation constitutes post hoc rationalization of the ALJ's determination, which cannot save the ALJ's decision. As stated in the Order, it is well-settled that it is impermissible for the Court to engage in post-hoc rationalization, and that the Court must evaluate an ALJ's finding based solely on the reasons stated in the decision. *Robinson*, 366 F.3d at 1084–85. Without straying from the four corners of the decision, the Court does not find it reasonable to defend the ALJ's failure to weigh a medical opinion in the record.

The law of this Circuit is clear that where an ALJ's analysis of medical opinions precludes the court from conducing any meaningful review of that analysis, the ALJ has

committed legal error and the case must be remanded to the Commissioner for further proceedings. *Kauser*, 638 F.3d at 1331. Likewise, the Commissioner is not substantially justified in defending such an error. *Groberg v. Astrue*, No. 11-4173, 505 Fed. Appx. 763, 768–69 (10th Cir. Dec. 14, 2012) (unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons). Here, the Commissioner has not offered any reasonable explanation for the ALJ's failure to properly weigh Dr. Baum's opinion, and therefore has not shown that her position was substantially justified. *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 794–95 (10th Cir. Jan. 4, 2001) (unpublished) (finding that the Commissioner's position was not substantially justified where there was no reasonable legal basis for the ALJ's glaring legal error).

### III.    Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, Ms. Romero is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Plaintiff Viola Romero's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, (Doc. 26), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $7,786.30. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE